## Mesko v. Community Medical Center

The matter presently before us concerns the issue of whether or not the Pennsylvania Rules of Civil Procedure relating to depositions and discovery, as amended November 20, 1978, effective April 16, 1979, are applicable to cases pending on the effective date. As we must answer this question affirmatively, we shall briefly address defendants' second contention that the Patient Incident Report, the production of which is the crux of the matter, was prepared in anticipation of litigation and, hence is not discoverable.

On July 31, 1979, plaintiff, pursuant to present Pa.R.C.P. 4009, filed a request to produce the Nurse's Interaction Notes and the Patient Incident Report regarding the admission and incident, respectively, which occurred on March 5, 1976, upon the premises of defendant Community Medical Center. Thereafter, defendant, on August 21, 1979, produced the Nurse's Interaction Notes but objected to the production of the Patient Incident Report, relying upon the proposition that former Pa.R.C.P. 4011(d), as amended March 22, 1962, prohibited the disclosure of a report made in anticipation of litigation and governed all actions pend-

ing on the effective date of the recent amendments to the Pa.R.C.P. nos. 4001-4025. Thereafter, both plaintiff and defendant Community Medical Center submitted briefs on the issues presented.

Defendant Community Medical Center relies upon Judge Walsh's opinion in Scranton Garment Realty Corp. v. Ballante, Clauss, Miller and Partners, Inc., C.A. no. 1787, September term, 1979. In that case, the Court of Common Pleas of Lackawanna County held that as the Supreme Court had not made any specific provision relating to pending actions (unlike prior Pa.R.C.P. 4024) nor specified any particular date other than the effective date, all actions filed prior to the effective date are to be governed by the prior rules.

Though we have not been able to find any recent appellate court authority which specifically addresses the issue here presented, other courts of common pleas have applied the new rules to pending cases filed prior to the effective date. See Bryant v. Southwark Realty Co., 9 D. & C. 3d 340 (Phila. Co. 1979), Philadelphia Electric Co. v. Nuclear Energy Liability-Property Insurance Assoc., 10 D. & C. 3d 340 (Phila. Co. 1979) and Zimmerman v. Berrie, 10 D. & C. 3d 110 (Cumberland Co. 1979).

Furthermore, present Pa.R.C.P. 4003.1, relating to the scope of discovery generally, in pertinent part, provides that, ". . . [A] party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . ." Moreover, the note to present Pa.R.C.P. 4001(b) provides: "These rules apply to an action pending in the court of common pleas and referred to compulsory arbitration under the Act of

June 16, 1836, P.L. 715, §8.1, added January 14, 1952, P.L. (1951) 2087, §1, as amended, 5 P.S. §30." It would make little sense to apply these rules to pending cases filed before April 16, 1979 and referred to compulsory arbitration, and not other cases before the courts of common pleas or the arbitration panels.

Also, we are mindful of Pa.R.C.P. 127(c), which states:

"When the words of a rule are not explicit, the intention of the Supreme Court may be ascertained by considering, among other matters: (1) the occasion and necessity for the rule; (2) the circumstances under which it was promulgated; (3) the mischief to be remedied; (4) the object to be attained; (5) the prior practice, if any, including other rules and Acts of Assembly upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous history of the rule; and (8) the practice followed under the rule."

The new rules of discovery were promulgated in order to speed litigation, promote the possibility of settlement, minimize delay, reduce the burden on our court system and lessen the probability of surprise at trial. A piecemeal application dependent upon the date of filing of the complaint could not achieve any of these goals and could conceivably result in the application of different discovery rules in the situation in which two different plaintiffs are injured in the identical manner by the same defendant. To avoid confusion and promote justice, the discovery rules should be uniformly applied to pending cases whether or not they are filed after

April 15, 1979. We feel that our decision today implements what we perceive to be the intention of the Supreme Court in promulgating the new rules of discovery.

However, even if the disposition of this matter was to be governed by the prior rules of discovery, we would still reach the same result. It is nearly universally held that the burden of showing that the information sought to be discovered is prohibited by Pa.R.C.P. 4011(d) rests upon the party objecting to such discovery: Holowis v. Philadelphia Electric Co., 38 D. & C. 2d 260 (Chester Co. 1966), Green v. Southeastern Pennsylvania Transportation Authority, 75 D. & C. 2d 206 (Phila. Co. 1976), Perkins v. Watsula, 5 D. & C. 3d 345 (Bucks Co. 1978). Defendant's statement that the Patient Incident Report was made in anticipation of litigation does not prove that fact and therefore does not meet the required burden of proof. Therefore, we enter the following

ORDER

And now, November 9, 1979, upon consideration of the preceding opinion, it is hereby ordered and decreed that pursuant to Pa.R.C.P. 4019, defendant Community Medical Center produce for inspection, photographing and reproduction, in accordance with Pa.R.C.P. 4009, the Patient Incident Report concerning plaintiff, Michael Mesko, regarding an incident which occurred on March 5, 1976, upon the premises of defendant Community Medical Center, within 30 days from the date this order is certified from the record and at a time and place which is mutually convenient to the parties and

counsel hereto. Failure of said defendant to comply with this order shall result in the entry of a default judgment or other appropriate sanctions upon petition of any party.